NOT DESIGNATED FOR PUBLICATION

No. 117,323

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD JOHNSON, JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed September 1, 2017. Affirmed.

*Jonathan Laurans*, of Kansas City, Missouri, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree, Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM: Ronald Johnson, Jr., appeals from the denial of his habeas corpus motion challenging the constitutionality of the hard 50 sentence he received in Wyandotte County District Court in 2003 on a conviction for first-degree murder. In his motion, filed under K.S.A. 60-1507, Johnson argued that *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), should be applied retroactively to his case to require that a jury, rather than the district court, find the facts warranting the hard 50 sentence. He also argued that the rule in *Alleyne* furnished exceptional circumstances to support his 60-1507 motion, which was both successive and untimely.

1

The district court was unpersuaded by Johnson's presentation and denied the motion. Johnson has appealed.

After Johnson filed his appellate brief, the Kansas Supreme Court rejected those exact arguments in *Kirtdoll v. State*, 306 Kan. 355, ___, 393 P.3d 1053, 1057 (2017). The State, however, relied heavily on *Kirtdoll* in its brief to this court. Johnson did not file a reply brief. We consider *Kirtdoll* to have been properly put before us, and both sides have had the opportunity to address its application.

The material factual and procedural circumstances of *Kirtdoll* are indistinguishable from Johnson's posture here. The twin holdings of *Kirtdoll* address the same legal arguments Johnson makes and unequivocally reject them.

We necessarily must follow the legal trail the court blazed in *Kirtdoll*. Not surprisingly, then, we necessarily arrive at the same destination. That means the district court came to the right conclusion in denying Johnson's 60-1507 motion.

Affirmed.